1  PHILLIP A. TALBERT
   United States Attorney
2  ROBERT L. VENEMAN-HUGHES
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8

9              IN THE UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

11 UNITED STATES OF AMERICA,              CASE NO. 1:23-MJ-00064-SAB

12                    Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                          TIME PERIODS UNDER SPEEDY TRIAL ACT;
13         v.                             FINDINGS AND ORDER

14 NICHOLAS ANDRONICOUS,                  DATE: March 14, 2024
                                          TIME: 2:00 p.m.
15                    Defendant.

16

17         This case is set for a preliminary hearing on March 14, 2024. The parties agree and stipulate to

18 continue the preliminary hearing until April 4, 2024. The parties have reached a tentative resolution and

19 expect that prior to the new preliminary hearing date the case will be reset to effectuate a change of plea.

20                              **STIPULATION**

21         Plaintiff United States of America, by and through its counsel of record, and defendant, by and

22 through defendant's counsel of record, hereby stipulate as follows:

23         1.      By previous order, this matter was set for preliminary hearing on March 14, 2024.

24         2.      By this stipulation, defendant now moves to continue the preliminary hearing until **April**

25 **4, 2024, at 2:00 p.m.** and to exclude time between March 14, 2024, and April 4, 2024.

26         3.      The parties agree and stipulate, and request that the Court find the following:

27                 a)      The parties are discussing and conducting further investigation into pre-

28 indictment matters, including consideration of pre-indictment resolution, and need additional

time to conclude that process.

b)      The government represents that discovery consists of reports, and that an initial dissemination of discovery has been provided to defense, consisting of crime reports and the defendant's criminal history.

c)      Counsel for defendant desires additional time to consult with their client, conduct further investigation, and discuss charges with the government.  Defense has continued to investigate various issues related to the facts and a resolution since the last continuance was granted.  Counsel for defendant also requested the government to consider pre-indictment resolution as part of a global resolution with cases defendant is facing in other jurisdictions. The government is gathering information necessary to do so, including consulting with other jurisdictions about their cases.

d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      The government does not object to the continuance.

f)      Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause".  Here, the defendant consents and there is good cause as set forth herein.

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which an indictment must be filed and within which a trial must commence, the time period of March 14, 2024 to April 4, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

indictment/trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment must be filed and a trial must commence.

IT IS SO STIPULATED.

Dated:  March 12, 2024                                    PHILLIP A. TALBERT
                                                         United States Attorney


                                                         /s/ ROBERT L. VENEMAN-HUGHES
                                                         ROBERT L. VENEMAN-HUGHES
                                                         Assistant United States Attorney


Dated:  March 12, 2024                                    /s/ PETER JONES
                                                         PETER JONES
                                                         Counsel for Defendant
                                                         NICHOLAS ANDRONICOUS



**FINDINGS AND ORDER**

Having reviewed the parties' stipulation, the Court finds the following:

a)      The defendant consents to continuance of the preliminary hearing.

b)      Good cause exists to continue the preliminary hearing in order to give counsel time to review discovery, effectively prepare for preliminary hearing, and discuss a pre-indictment resolution with the government.

c)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.

d)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which an indictment must be filed and within which a trial must commence, the time period of March 14, 2024 to April 4, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy

1    indictment/trial.

2        IT IS HEREBY ORDERED that the preliminary hearing scheduled for March 14, 2024 at 2:00

3    p.m. is continued to April 4, 2024 at 2:00 p.m.  IT IS FURTHER ORDERED that the time between

4    March 14, 2024 and April 4, 2024 is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it

5    results from a continuance granted by the Court at defendant's request on the basis of the Court's

6    finding that the ends of justice served by taking such action outweigh the best interest of the public and

7    the defendant in a speedy indictment/trial.  No further continuances will be granted.

8

9    IT IS SO ORDERED.

10   Dated:   __March 13, 2024__

     _____
     UNITED STATES MAGISTRATE JUDGE