PHILLIP A. TALBERT
United States Attorney
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS ANDRONICOUS,<br><br>Defendant. | CASE NO. 1:23-MJ-00064-SAB<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: April 4, 2024<br>TIME: 2:00 p.m. |

This case is set for a preliminary hearing on April 4, 2024. The parties agree and stipulate to continue the preliminary hearing until May 9, 2024. The parties have reached a tentative resolution and expect that prior to the new preliminary hearing date the case will be reset to effectuate a change of plea.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for preliminary hearing on April 4, 2024.

2. By this stipulation, defendant now moves to continue the preliminary hearing until **May 9, 2024, at 2:00 p.m.** and to exclude time between April 4, 2024, and May 9, 2024.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The parties are discussing and conducting further investigation into pre-indictment matters, including consideration of pre-indictment resolution, and need additional

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1    time to conclude that process.

2    b) The government represents that discovery consists of reports, and that an initial
3    dissemination of discovery has been provided to defense, consisting of crime reports and the
4    defendant's criminal history.

5    c) Counsel for defendant desires additional time to consult with their client, conduct
6    further investigation, and discuss charges with the government. Defense has continued to
7    investigate various issues related to the facts and a resolution since the last continuance was
8    granted. Counsel for defendant also requested the government to consider pre-indictment
9    resolution as part of a global resolution with cases defendant is facing in other jurisdictions. The
10   government is gathering information necessary to do so, including consulting with other
11   jurisdictions about their cases.

12   d) Counsel for defendant believes that failure to grant the above-requested
13   continuance would deny him the reasonable time necessary for effective preparation, taking into
14   account the exercise of due diligence.

15   e) The government does not object to the continuance.

16   f) Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later
17   than 14 days after initial appearance if the defendant is in custody," unless the defendant
18   consents and there is a "showing of good cause". Here, the defendant consents and there is good
19   cause as set forth herein.

20   g) Based on the above-stated findings, the ends of justice served by continuing the
21   case as requested outweigh the interest of the public and the defendant in an indictment or trial
22   within the original dates prescribed by the Speedy Trial Act.

23   h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
24   et seq., within which an indictment must be filed and within which a trial must commence, the
25   time period of April 4, 2024 to May 9, 2024, inclusive, is deemed excludable pursuant to 18
26   U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at
27   defendant's request on the basis of the Court's finding that the ends of justice served by taking
28   such action outweigh the best interest of the public and the defendant in a speedy

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

indictment/trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment must be filed and a trial must commence.

IT IS SO STIPULATED.

Dated: April 2, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ ROBERT L. VENEMAN-HUGHES
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney

Dated: April 2, 2024

/s/ PETER JONES
PETER JONES
Counsel for Defendant
NICHOLAS ANDRONICOUS

**FINDINGS AND ORDER**

Having reviewed the parties' stipulation, the Court finds the following:

    a)    The defendant consents to continuance of the preliminary hearing.

    b)    Good cause exists to continue the preliminary hearing in order to give counsel time to review discovery, effectively prepare for preliminary hearing, and discuss a pre-indictment resolution with the government.

    c)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.

    d)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which an indictment must be filed and within which a trial must commence, the time period of April 4, 2024 to May 9, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

IT IS HEREBY ORDERED that the preliminary hearing scheduled for April 4, 2024 at 2:00 p.m. is continued to May 9, 2024 at 2:00 p.m before the Duty Magistrate Judge. IT IS FURTHER ORDERED that the time between April 4, 2024 and May 9, 2024 is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

IT IS SO ORDERED.

Dated: **April 3, 2024**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE